FILED
SUPERIOR COURT
OF GUAM

2022 AUG 26 AM 9: 22

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>TONY BOAZ,<br>(*aka* Tony Senki Boaz; *aka* Tony Anthony Boaza; *aka* Tony Boaza; *aka* Tony Poaz; *aka* Anthony Tony Poac; *aka* Tony Bouas; *aka* Anthony Benafacio; *aka* Antony; *aka* Pooki)<br>DOB: 06/12/1976<br><br>Defendant. | Case No. CF0282-22<br><br>**DECISION AND ORDER**<br>**(Finding Defendant Not Competent to Stand Trial and Accepting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect)** |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on July 13, 2022, for a Competency Hearing. Assistant Public Defender David Highsmith appeared for Tony Boaz ("Defendant"). Assistant Attorney General Renaida San Nicolas appeared for the People of Guam ("People"). Having considered Defendant's Forensic Evaluation, the arguments, and the applicable law, the Court hereby **finds Defendant not competent to stand trial and accepts Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.**

## BACKGROUND

On May 5, 2022, the Grand Jury indicted Defendant on the following charges: (1) Assault on a Peace Officer (As a Third Degree Felony); (2) Criminal Mischief (as a Misdemeanor); and (3) Resisting Arrest (As a Misdemeanor). Indictment, May 5, 2022. Guam Police Department ("GPD") records indicate GPD officers were dispatched to the U.S. Renal Care building, where they found Defendant throwing rocks. Mag. Complaint, Apr. 28, 2022. Defendant fled GPD officers and bit Officer Lizama after he apprehended Defendant. *Id.*

On May 11, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, May 11, 2022. Pursuant to 9 G.C.A. § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, May 12, 2022. On June 1, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, June 5, 2022. The Court held a hearing on July 13, 2022, to determine Defendant's competency to stand trial. Minute Entry, July 13, 2022. After hearing the arguments of the parties, the Court found Defendant not competent to stand trial and transferred his case to Mental Health Court.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness . . . he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)–(4).

Defendant appeared grounded in reality and was "basically" oriented to time, person, place and object throughout the forensic evaluation. Forensic Evaluation at 5. Defendant's

flow and speech quality were "somewhat slow" and not always readably understandable to Dr. Rapadas and the interpreter throughout the evaluation. *Id.* Defendant lacked a rational factual understanding of the proceedings against him, and could not fully articulate his current charges. *Id.* at 7. Defendant was able to detail some aspects of his childhood, family life, education, and work history. *Id.* at 2–3.

It is noteworthy that in November 2019 Defendant was diagnosed with psychotic disorder, not otherwise specified with a rule for chronic schizophrenia. *Id.* at 3. In March 2021, Defendant was diagnosed with chronic schizophrenia. *Id.* Defendant has been admitted to GBHWC for several times over the last few years. *Id.* Defendant is currently prescribed Zypreza—an anti-psychotic—although he is often non-compliant with his treatment. *Id.* Defendant has thirteen previous cases dating back to 1999. *Id.* at 8. He was found not competent in the majority of those cases. *Id.*

During the forensic examination, Defendant underwent a mini-mental examination ("MMSE"), which is a brief test used to gage the Defendant's current orientation, object registration, attention, language recognition, and ability to recall. *Id.* at 6. Defendant scored 18/30 on the MMSE, which was below the cutoff score of 23 poor overall mental status. *Id.* This score indicates Defendant may be suffering from overall cognitive weaknesses or memory problems. *Id.*

Additionally, Defendant took a Test of Nonverbal Intelligence, 4th Edition ("TONI-4"), which tests for language and cognitive comprehension skills. *Id.* at 6. Defendant scored 78, which suggests his intellectual functioning is in the range of borderline and below average. *Id.*

Defendant's understand of the criminal proceedings was also deficient. He "seemed confused" about the concept of pleading not guilty or guilty. *Id.* at 7. He could not articulate the basic responsibilities of his attorney, the prosecutor, or the judge. *Id.* Dr. Rapadas

concludes that it is "doubtful" Defendant could consult with his attorney with a reasonable degree of rational understanding and to have a rational as well as factual understanding of the proceedings against him. *Id.*

Taking all data in total, Defendant is currently not competent to be proceeded against or to be sentenced. Defendant's low MMSE and TONI-4 results indicate his is struggling with major cognitive weaknesses and memory problems. It is clear that Defendant cannot rationally engage in conversation with his attorney due to an inability to retain any legal advice provided to him. Therefore, Defendant cannot meaningfully participate in building his legal defense strategy.

It is unlikely that Defendant will ever be restored to competency because "[a]s he ages, it is anticipated that his schizophrenia will not improve as the disease is chronic and unrelenting." *Id.* at 8. Furthermore, "over the last two decades, [Defendant] has been extremely non-compliant with his psychiatric treatment. " *Id.* "Every time he is non-compliant it makes it harder for him to get fully established as an autonomous, independent citizen." *Id.* Therefore, transfer to Mental Health Court is appropriate so that Defendant can work on complying with his treatment with the help of GBHWC.

## CONCLUSION AND ORDER

For the above reasons, the Court makes the following findings of fact and conclusions of law:

- Defendant is currently not competent to stand trial and possess neither the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." *See* 9 G.C.A. § 7.37(a)(1)–(4).

- The Court accepts Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.

- Defendant's case will be transferred to Mental Health Court.

SO ORDERED, this _____ day of ___ 2 6 AUG 2022 _____ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam